JUDGE WALTER S. SMITH, JR.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRANDON BERNARD, ) | **Civil Action No.: W-04-CV-164** |
| ) | (Formerly Crim. No.: W-99-CR-070(2)) |
| Defendant-Movant, ) | |
| ) | MEMORANDUM OF LAW IN |
| vs. ) | SUPPORT OF MOTION TO ALTER |
| ) | OR AMEND JUDGMENT |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent. ) | |
| ) | |

## I. Introduction

Brandon Bernard moves the Court to alter or amend its judgment that denied his 28 U.S.C. § 2255 motion for relief from sentence without a hearing. [Dkt. nos. 416, 424, 449].

## II. Rule 59 Standard

Fed. R. Civ. P. 59(e) was adopted "to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). The district court's discretion to grant such a motion is broad; as Rule 59(e) sets forth no particular grounds for relief, the appropriate relief turns on the circumstances of the particular case. *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 174 (5th Cir. 1990) (*overruled on other grounds*, *Little v. Liquid Air Corp.* 37 F.3d 1069 (5th Cir. 1994). Denial of a hearing is a proper basis for reconsideration.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 1
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

*See, e.g.*, *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 266 & n.10 (1978).

### III. The Court Erroneously Denied Mr. Bernard's § 2255 Motion.

Under 28 U.S.C. § 2255, a petitioner is entitled to a hearing unless the record "conclusively shows" that all the factual predicates asserted in the motion are false (or cannot lead to relief). Conclusive negation is a high bar, and the Government cannot clear it in this case.

**A.   Mr. Bernard's motion establishes a strong case that he was denied effective assistance of counsel at both phases of trial. The Government failed to rebut this case. The Court should therefore grant relief from Mr. Bernard's conviction and death sentence. At a minimum, the Court must allow discovery and grant an evidentiary hearing, so that the underlying disputes of fact can be resolved and the claims reliably adjudicated.**

Brandon Bernard's amended § 2255 motion alleged numerous instances of ineffective assistance of counsel ("IAC"). These errors and omissions infected the entire proceeding, beginning with counsels' failure to prepare for negotiation with the Government, continuing with a failure to investigate, prepare and perform during the guilt-innocence phase of the trial, with similar failures repeated in the sentencing phase. Amended § 2255 Motion at 18-132 [Dkt. no. 416].

The specific allegations of deficient performance were supported by an 82-page sworn declaration from David A. Ruhnke, an extensively experienced federal capital defense litigator. Mr. Ruhnke explained in detail how the performance of Mr. Bernard's trial counsel fell below prevailing national standards of practice. *See* Amended § 2255 Motion at Exh. 12. Mr. Bernard's allegations, and the sworn statements in Mr. Ruhnke's declaration, are corroborated by the contemporaneous training materials attached to this motion as Exhibits A1-A7.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 2
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

The Government has submitted no evidence whatsoever to support its contention that any of trial counsel's failures, let alone all of them, reflected reasoned tactical judgments or legitimate trial strategies. Even had it done so, an evidentiary hearing would still be required, since "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits." *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979). If such disputes cannot be resolved on the basis of affidavits, surely they cannot be resolved – as the Court has effectively done here – by mere assumption.

Thus, the Court's rejection of Mr. Bernard's IAC claims rests essentially on its characterization of the evidence as so overwhelmingly adverse to Mr. Bernard that a conviction and a death sentence were a foregone conclusion. *See, e.g.,* Order at 17, 59 [Dkt. No. 449]. But the evidence was not overwhelming, as reflected in the jury's decision to recommend a life sentence for Mr. Bernard on two of the three death-eligible counts, and its struggle to decide whether to impose death on the final death-eligible count – after it had condemned Mr. Vialva to death in short order on all three death-eligible counts he faced. Calling the evidence against Mr. Bernard at both phases "overwhelming" merely confirms how little trial counsel did to rebut the Government's case – and illustrates this Court's failure, in its order denying relief [Dkt. No. 449], to confront the evidence submitted by Mr. Bernard in this proceeding.

To take just one example – the Court's conclusion that trial counsel could not possibly have done anything to make any difference in the outcome – is unfounded with respect to counsels' failure to challenge the Government's case for Mr. Bernard's future dangerousness. First, this Court's conclusion ignores the Supreme Court's recent reiteration that trial counsel in a capital case must seek available *Skipper* evidence and that such evidence can be critically important to the jury's sentencing decision. *See Skipper v. South Carolina*, 476 U.S. 1 (1986) (evidence of capital defendant's successful adjustment to incarceration is mitigating); *see also* discussion of *Sears v. Upton*, 130 S. Ct. 3259

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT    – 3
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

(2010), and *Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447 (2009), *infra*; *see also*, *e.g.*, John H. Blume *et al.*, Future Dangerousness in Capital Cases: Always "At Issue," 86 CORNELL L. REV. 397, 404 (2001) (study finding that the defendant's perceived "future dangerousness to society" was the second-most important factor in capital jurors' choice between life and death). As Mr. Bernard has pointed out, *see* Amended § 2255 Motion at pp. 108-112 [Dkt. No. 416], his trial counsel failed to discover and present readily available *Skipper* evidence that would have been vital in challenging the Government's claim that Mr. Bernard would be a violent, gang-affiliated prisoner if his life were spared.

In addition, Mr. Bernard's counsel performed deficiently in not challenging the methodology employed by the Government's "expert" witness Dr. Coons for predicting dangerousness. If counsel had done so, there is good reason to believe Dr. Coons' testimony would have been excluded; even if it had been admitted, it could have been comprehensively discredited. The former conclusion follows from, *e.g.*, *Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010) (holding that Dr. Coons' "expert" testimony predicting a capital defendant's future dangerousness was inadmissible under Tex. R. Evid. 702 because it was not sufficiently reliable). In *Coble*, the Court of Criminal Appeals found that Dr. Coons, while purporting to apply psychiatric principles in assessing future dangerousness, actually employs a wholly subjective methodology that he created for his own use. *Coble*, 330 S.W.3d at 277. It further found that Dr. Coons cited no books, articles, journals, or other information to support his methodology or his opinion. *Id*. It criticized him for not even attempting to discover whether the facts treated as significant by his *ad hoc* "methodology" have been empirically validated by expert studies or "verified as accurate over time," nor even checking to see whether his own prior predictions of future dangerousness concerning particular defendants had, in fact, turned out to be accurate. *Id*. at 278-79. Reasonably effective counsel would have mounted a vigorous challenge to Dr. Coons; had Mr. Bernard's counsel done so, contrary to the view expressed in this

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 4
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

Court's order, they would have had a good chance at changing the outcome of the penalty phase.[1]

The same attitude – that "nothing could be done" to avoid a conviction and a death sentence for Mr. Bernard – also pervades this Court's treatment of Mr. Bernard's claim that his trial counsel performed deficiently in not obtaining appropriate experts to help them present their defense and challenge the Government's case. *See*, *e.g.*, Amended § 2255 Motion at 60-61, 64-66 [Dkt. no. 416]. The Court's order states only that "with limited funds available for experts nothing would have been accomplished except a decrease in funds if trial counsel had attempted to retain experts to contest the experts presented by the Government." Order at 41 [Dkt. No. 449]. First, no evidence supports the Court's assumption about what lay behind trial counsel's failure to pursue their own experts. Even if the Court is correct, any such belief by trial counsel was unreasonable and demonstrably untrue, as shown by the attached declarations of arson expert Gerald Hurst, Ph.D. and pathologist Stephen Pustilnik, M.D. *See* Exhibits B and C. In sum, unless this Court reopens proceedings, authorizes discovery, and holds an evidentiary hearing, the Fifth Circuit will be unable to resolve Mr. Bernard's many valid IAC claims, because the record is entirely silent as to why trial counsel failed on so many fronts. *See United States v. Hayes*, 532 F.3d 349, 355 (5th Cir. 2008) (absent a hearing, the Court of Appeals has "no way to analyze the potential strategy behind [counsel's challenged] decision," and is left to "engag[e] in speculation, preventing adequate review of the district court's judgment as to whether defense counsel performed unreasonably under *Strickland*.")

---

[1] Although Bernard's counsel may have initially perceived that the "battle of experts as to future dangerousness" was only between Vialva and the Government, see Order at 50, nothing suggests that the jurors shared this understanding, and counsel did nothing to ensure they did. On the contrary, given Coons' broad generalizations, that fact that Mr. Bernard's counsel did not ask for a limiting instruction, and the fact that the Government's closing argument urged the jury to apply Coons' testimony to Bernard, the only reasonable conclusion is that the jury did apply this damaging – but scientifically unfounded – evidence against Mr. Bernard. *See* Amended § 2255 Motion at 124-28 [Dkt. no. 416].

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 5
*Brandon Bernard v. United States*; W-04-CV-164

**ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391**

Two Supreme Court decisions handed down after Mr. Bernard filed his amended § 2255 motion, neither of which is mentioned in this Court's order [Dkt. no. 449], support Mr. Bernard's IAC claims and confirm the need for an evidentiary hearing.

*Sears v. Upton*, 130 S. Ct. 3259 (2010), presented a scenario remarkably similar to Mr. Bernard's case – a mitigation investigation driven wholly by the defendant's mother, who was solely responsible for identifying potential witnesses. Trial counsel then built their mitigation presentation around those witnesses, focusing on Mr. Sears' upbringing in a good family that was shocked by his crime. *Id.* at 3261-64. As in Mr. Bernard's case, this foreshortened approach unsurprisingly missed a wealth of critically important mitigation evidence, including evidence of cognitive impairment and a family background far more troubled than the jury had been led to believe. *Id.* at 3263-64. The Supreme Court strongly endorsed the state court's conclusion that such an investigation was professionally deficient. *See id.* at 3264 ("[T]he cursory nature of counsel's investigation into mitigation evidence — 'limited to one day or less, talking to witnesses selected by [Sears'] mother' was 'on its face. . .constitutionally inadequate'"). But it was quick to condemn the state court's view that, because counsel had "put forth a reasonable theory with supporting evidence," no prejudice resulted. *Id.*

The Supreme Court pointed out that the apparent reasonableness of a mitigation theory in the abstract cannot excuse an abbreviated investigation. The Court criticized the state court for placing "undue reliance on the assumed reasonableness of counsel's mitigation theory" because doing so curtails the more probing and fact-specific prejudice inquiry that the law requires. *Id.* at 3265-66. The Court emphasized that to assess the probability of a different outcome under *Strickland*, a reviewing court must consider the totality of the available mitigating evidence – both the evidence adduced at trial, and that adduced afterward – and reweigh it against the evidence in aggravation. *Id.* at 3267. The Court also made clear that a reviewing court should not reflexively deny an IAC claim for

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 6
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

lack of prejudice simply because an appropriately wide-ranging pretrial investigation could have uncovered some evidence that could be construed as "adverse." *Id.* at 3264.

In this case, the Court failed to conduct the careful and intensive weighing required by *Sears*. Instead, without even affording Mr. Bernard an evidentiary hearing, it essentially ruled that no conceivable amount of mitigation could ever have swayed a single juror to believe that life imprisonment was the appropriate sentence for Mr. Bernard on the sole count for which the jury recommended death. To reach this conclusion, the Court characterized all challenged errors and omissions as reasonable strategic decisions. *See, e.g.*, Order at 28 n. 5, 41-42, p. 46, 50, 52, 54 [Dkt. No. 449]. But no evidence before the Court suggests that these actions were the product of reasoned decisions. On the contrary, extensive evidence – like Mr. Ruhnke's detailed declaration, the training materials attached hereto, and the records showing how little time trial counsel spent preparing Mr. Bernard's case – make clear that counsels' actions were, as in *Sears*, the products of forced choices that resulted from a constitutionally inadequate investigation. *See, e.g.*, Amended § 2255 Motion at pp. 60-62 and Exhibits 8 & 12 [Dkt. No. 416], Exhibits A1-A7 of this motion.

*Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447 (2009), further illustrates how far this Court's order denying relief on Mr. Bernard's IAC claims departs from settled Supreme Court jurisprudence. *Porter* is especially relevant here, since it analyzed counsel's obligation to develop and present mitigation evidence in the context of a trial that took place more than a decade before Mr. Bernard's. It follows ineluctably from *Porter* that the same standards, at a bare minimum, applied to trial counsel here.

In *Porter*, the Supreme Court accepted as an unassailable truth that counsel "had an 'obligation to conduct a *thorough investigation* of the defendant's background.'" *Porter*, 130 S.Ct. at 452 (quoting *Williams v. Taylor*, 529 U.S. 362, 396, (2000)) (emphasis supplied). But as in Mr. Bernard's case, Mr. Porter's trial counsel had "ignored pertinent avenues for investigation" by not even taking the first steps of requesting records or

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 7
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

interviewing certain key witnesses. *Id.* at 453. As a result, the jury that sentenced Porter to death never heard mitigating evidence about his military service, his mental health, or his family background. *Id.* at 453. On federal habeas review, the district court found that trial counsel had performed deficiently in conducting "little if any investigation," *id*. at 452, and granted relief. The Eleventh Circuit disagreed, ruling that the state court reasonably applied *Strickland* in finding "no prejudice" after discounting each category of mitigation evidence.

The Supreme Court summarily reversed. It held that it was not just error, but "unreasonable" for a reviewing court to "discount to irrelevance the evidence of Porter's abusive childhood, especially when that kind of history may have particular salience for a jury evaluating Porter's behavior. . ." *Id.* at 455. Where so much important mitigating evidence had not been presented at trial, the Supreme Court stated, it could not "now be ignored." *Id.* at 454 (citing state court judges' dissenting opinion). The Court ruled that Porter was not required to show "'that counsel's performance more likely than not altered the outcome' of his penalty proceeding," but only to establish "a probability sufficient to undermine confidence in [that] outcome." *Id.* at 455-56 (quoting *Strickland*, 466 U.S. at 693-94) (internal quotation marks omitted).

This Court, like the lower court in *Porter*, erred by placing too great a burden on Mr. Bernard to prove prejudice. The proper question is whether – but for counsel's deficient performance – there exists "a probability" of a different outcome. *See Porter*, 130 S.Ct. at 453. Mr. Bernard need not show that the jury "more likely than not" would have spared him if his trial counsel had performed in a manner consistent with prevailing standards of practice. *See id*. This Court's analysis cannot be reconciled with this settled legal principle. *See*, *e.g.*, Order at 45 (criticizing both Mr. Bernard and Mr. Vialva for not "identify[ing] how more time would equate to a different outcome in this case") [Dkt. No. 449].

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT    – 8
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

This Court also failed to follow *Porter* by unreasonably discounting the mental health evidence Mr. Bernard submitted in this proceeding, which reasonably effective trial counsel would have developed and presented. *Id*. at 54 (deriding Mr. Bernard's "'dysfunction'" as "apparently so mild that it is possible it would have made no difference in the jury's decision") [Dkt. No. 449].  Even if it is "possible" that such evidence, considered in isolation, could have made no difference – which Mr. Bernard disputes – a mere possibility of the same outcome is not a basis for denying relief.  And the Court's claim that presenting such evidence of neuropsychological impairments "could have lessened the impact of the positive approach counsel adopted by taking away from the impact of the attempt to 'humanize' Bernard for the jury," Order at 54, is difficult to understand.  Suffering from an impairment does not render someone inhuman; on the contrary, highlighting such frailties can serve to emphasize one's humanity.  *See Woodson v. North Carolina*, 428 U.S. 280, 304 (1976) (Eighth Amendment mandates that sentencing jurors be allowed to consider, in determining the appropriate punishment, "compassionate or mitigating factors stemming from the diverse frailties of humankind," to ensure that each capital defendant is treated as a "uniquely individual human being[]").  The Court's comment, contrary to *Sears*, places "undue reliance on the assumed reasonableness of counsel's [presumed] mitigation theory." *See Sears*, 130 S. Ct. at 3265.  Even overlooking that problem, this Court erred in discounting this mental health evidence, because it could have helped explain the decisions that Mr. Bernard made in the course of the crime. *See id.* at 3264 ("This evidence might not have made Sears any more likable to the jury, but it might have helped the jury understand Sears, and his horrendous acts – especially in light of his purportedly stable upbringing").

For all the foregoing reasons, this Court's conclusion that no verdict other than a death sentence was possible for Mr. Bernard, even if his trial counsel had performed competently, is seriously mistaken.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT     – 9
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

### B.   Mr. Bernard's *Brady* claims are not procedurally defaulted.

Without explanation, the Court asserts that Mr. Bernard's *Brady* allegations "could have been raised on direct appeal." Order at 22. In the alternative, the Court states that "Defendants have failed to establish that any material was suppressed by the Government, or that the failure to provide any information constitutes a *Brady* violation." *Id.* This ruling is incorrect for two reasons.

First, the Supreme Court has recognized "an exception to the procedural default rule for claims that could not be presented [on direct appeal] without further factual development." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Mr. Bernard's *Brady* claim could not have been presented on appeal. Evidence of the *Brady* violation was not part of the record on appeal, and Mr. Bernard did not discover, nor could he reasonably have discovered, the challenged violations until after his appeal concluded. Nor can Mr. Bernard develop the record further now, without court intervention, since the Government unaccountably has closed the "open file" it purports to have made available to trial counsel. The Court should authorize discovery to rectify this problem.

Second, "[w]hen a habeas petitioner brings a *Brady* claim, the 'cause and prejudice' requirements of the procedural default doctrine parallel the last two elements of the alleged constitutional violation itself. That is, a petitioner shows 'cause' when the reason for his failure to develop facts . . . was the [Government's] suppression of the relevant evidence, while 'prejudice' exists when the suppressed evidence is 'material' for *Brady* purposes." *Rocha v. Thaler*, 619 F.3d 387, 394 (5th Cir. 2010), *denial of rehearing*, 626 F.3d 815 (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)) (footnote omitted). The Government has suppressed, and continues to suppress, the facts alleged in Mr. Bernard's *Brady* claims. For all these reasons, the Court should revisit and reverse its conclusion that Mr. Bernard somehow "procedurally defaulted" claims that are based on evidence he did not have and could not have obtained because the Government was hiding it.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT      – 10
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

**C.   The Court erred in denying an evidentiary hearing to determine whether the presiding juror was biased against Mr. Bernard, as evidenced by false statements in his juror questionnaire that improved his chances of getting on the jury.**

This Court relied on the standard for juror bias set forth in *United States v. Bishop*, 264 F.3d 535, 554 (5th Cir. 2001). Order at 26 [Dkt. No. 449]. The *Bishop* court, however, was discussing what the defendant had to show, in the evidentiary hearing that the district court had conducted, to obtain relief. *Id*. at 545. By contrast, this Court has required that Mr. Bernard meet this standard without the benefit of either discovery or a hearing, even though § 2255 requires a hearing unless the record conclusively shows Mr. Bernard's allegation to be baseless. In short, this Court has turned the standard on its head, and that is error. A full and fair hearing is required. *See United States v. Posada-Rios*, 158 F.3d 832, 877 (5th Cir. 1998) ("the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias," quoting *Smith v. Phillips*, 455 U.S. 209, 215 (1982)).

## IV.  Conclusion

The Court should alter and amend its judgment to grant relief from Mr. Bernard's convictions and sentences. Alternatively, the Court should authorize discovery as requested by Mr. Bernard [Dkt. nos. 408 (motion for leave to interview jurors), 411 (motion for other discovery), 412 (appendix to discovery motion)], and set an evidentiary hearing when discovery is complete.

//
//
//
//
//
//

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 11
*Brandon Bernard v. United States*; W-04-CV-164

ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391

DATED this 25th day of October, 2012.

Respectfully submitted,

/s Robert C. Owen
Robert C. Owen, Texas Bar No.: 15371950
Capital Punishment Clinic, School of Law
727 East Dean Keeton Street
Austin, TX 78705-3224
Phone: (512) 232-9391 / Fax: (512) 232-9171
Email: robowen@gmail.com

/s John R. Carpenter[2]
John R. Carpenter, WA State Bar No.: 23301
Federal Public Defender's Office
1331 Broadway, Suite 400
Tacoma, WA 98402
Phone: (253) 593-6710 / Fax: (253) 593-6714
Email: John_Carpenter@fd.org

---

[2] The application of John R. Carpenter for admission to practice before the United States District Court for the Western District of Texas is pending.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT   – 12
*Brandon Bernard v. United States*; W-04-CV-164

**ROBERT C. OWEN
SCHOOL OF LAW
THE UNIV. OF TEXAS AT AUSTIN
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705-3224
(512) 232-9391**