☰ Menu



**TEXAS LAWYER** (/texaslawyer/)
POWERED BY **LAW.COM** (/)

# Disgraced Ex-Waco Judge Has Been Punished Enough, US Judicial Committee Rules

By **JOHN COUNCIL**   |   January 27, 2017

f    in    🐦    G+    📄 (http://www.almreprints.com)



Retired U.S. District Judge Walter Smith. (Photo: David J. Phillip/AP)

Even though it previously ruled that an investigation into sexual harassment allegations against former U.S. District Judge Walter Smith was warranted, a Judicial Conference Committee has decided that no further punishment of the disgraced Waco jurist is neccesary because he retired from the bench.

Smith was originally punished by the U.S. Court of Appeals for the Fifth Circuit's Judicial Council in 2015 after they concluded he made unwanted sexual advances against a female court employee in 1998. The Fifth Circuit ordered Smith to undergo sensitivity training and suspended his new case assignments for a year.

**Exhibit C**

In a deposition, the woman stated that in 1998 Smith approached her in the courthouse smelling of liquor and told her to "come see me sometime." Smith later called her on the telephone and instructed her to come to his chambers, which she did, according to her deposition.

"He basically came over to me and put his arms around me and kissed me and I just froze. I couldn't move," the woman testified. "And he said 'Let me make love to you." And I— and I— I just freaked out."

The Fifth Circuit's punishment confirmed judicial misconduct allegations originally filed by Ty Clevenger, a former Dallas lawyer who was previously sanctioned $25,000 by the judge for filing a "frivolous" racketeering case in his court. Clevenger was later reprimanded by the State Bar of Texas in 2014 because of Smith's sanction, but used the Bar disciplinary proceedings to subpoena the witness that alleged Smith sexually harassed her in 1998 as part of his defense.

Clevenger later appealed the Fifth Circuit's punishment of Smith's decision to the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States, arguing that they should recommend Smith's impeachment and offered the names of witnesses to other instances of sexual harassment by Smith. And last year, the Judicial Conference Committee ordered the Fifth Circuit to reassess Smith's punishment and examine whether there was a pattern and practice to his behavior.

But before Fifth Circuit was set to complete its investigation, Smith essentially beat them to the punch a week earlier by turning in his retirement letter to then-President Barack Obama on Sept. 14. **That move (http://www.texaslawyer.com /id=1202770448997?keywords=john+council+and+walter+smith)** allowed Smith to go quietly in the night without any further ado — and keep his $200,000 a year lifetime salary.

"In light of Judge Smith's retirement from office, the Judicial Council is no longer able to impose any sanction," wrote Fifth Circuit Chief Judge Carl Stewart in last year's order dismissing his disciplinary case.

Stewart noted in his order that Smith made unwanted sexual advances to more than one woman, but the inappropriate behavior occurred decades ago, and investigators found no evidence that such incidents had occurred in recent years. Stewart also noted in the order that it wasn't worth the congressional resources necessary to impeach Smith since he's unlikely to ever seek office again.

Clevenger again appealed the Fifth Circuit's decision to the Judicial Conference Committee. And on Jan. 26, the Judicial Conference Committee affirmed the Fifth Circuit's ruling that Smith can no longer be punished because he resigned from the bench.

**Exhibit C**

Case 6:04-cv-00164-ADA     Document 4-4     Filed 11/28/17     Page 3 of 3

The decision noted that the Fifth Circuit was allowed to dismiss disciplinary proceeding against a judge if "intervening events have made the proceeding unnecessary."

"Resignation from judicial office constitutes an intervening event rendering a conduct and disability proceeding unnecessary because the judicial officer ceases to exercise judicial functions," the Judicial Conference Committee's order states.

Clevenger had argued that the Judicial Conference has previously disciplined a judge after his resignation, noting they certified the impeachment of former U.S. District Judge Mark E. Fowler of Alabama, who had left the bench after accusations of spousal abuse.

But the Judicial Conference noted in its recent order that Fowler's case was inapplicable to Smith's because Fuller's offense was determined to be a grounds for impeachment and Smith's wasn't.

Smith did not return a call for comment.

Clevenger said he was "disgusted" with the decision, which he believes is an example of the federal judiciary system protecting one of its former members.

"The message here is right before an investigative report is issued, the offending judge should retire because they know their colleagues will sweep it under the rug," Clevenger said.

f  SHARE ON FACEBOOK        🐦  SHARE ON TWITTER

**Exhibit C**